5:20-cv-00707

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ANGELA BELL,** | § | |
| **PLAINTIFF** | § | |
| **V.** | § | CIVIL ACTION NO. _____ |
| | § | |
| **JUDSON INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **DEFENDANT** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff ANGELA BELL ("Ms. Bell") to hereby file her "Plaintiff's Original Complaint" ("Complaint") and in support Ms. Bell would show this Honorable Court the following.

### PREAMBLE

### *EXPERIENCED TEACHER*
### *FIRED BECAUSE HER "BLACKNESS" WAS NOT PROFESSIONAL*

*Plaintiff was a teacher with Defendant Judson Independent School District. Notwithstanding Plaintiff's good reputation and years of experience, Defendant pursued a deliberate path of descriminastion because of Ms. Bell's race and in retaliation of Plaintiff expressing her First Amendment Freedom of Speech. Following a well-planned and implemented path to force Plaintiff to quit, which Ms. Bell refused, Defendant Judson Independent School District fired Plaintiff and threw Ms. Bell into the garbage. Left with no recourse, Plaintiff seeks redress of this Court for damages.*

## A. NATURE OF SUIT

1.      Plaintiff Ms. Bell has been the victim of systematic and ongoing discrimination in Ms. Bell's workplace based on Ms. Bell's ethnicity and in retaliation for Ms. Bell's exercise of Ms. Bell's rights under the First Amendment of the United States Constitution. Such acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves. Plaintiff Ms. Bell attempted many times to have Defendant JISD (hereafter defined) stop the discrimination, but Defendant failed and refused to do so. After Defendant JISD finally understood that Ms. Bell Was not going to resign and walk away, Defendant JISD arranged for the Professional Lynching (defined hereafter) of Ms. Bell, ending in Ms. Bell's Termination (defined hereafter). Plaintiff Ms. Bell now seeks judicial redress in accordance various statutory remedies available to Ms. Bell.

2.      Plaintiff Ms. Bell now files this original action for damages and equitable relief pursuant to:

   (a)    42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and

   (b)    42 U.S.C. § 1983 with regards to:

      (i)    Defendant's violations of the laws of the United States;

    (ii)   Defendant's denial (under the color of law) of Plaintiff Ms. Bell's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

    (iii)   Defendant's denial (under the color of law) of Plaintiff Ms. Bell's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

## B. PARTIES

3.    Plaintiff Ms. Bell is a female individual of African-American heritage who resides in the State of Texas. Plaintiff Ms. Bell has dedicated her life to the education of children and to assisting families who need education.

4.    Defendant Judson Independent School District ("JISD") is a public school district formed under the laws of the State of Texas, operates under the authority of the State of Texas and the United States Department of Education, and may be served with summons upon its superintendent as follows:

**JUDSON INDEPENDENT SCHOOL DISTRICT**
**ATTN: JEANETTE BELLE, SUPERINTENDENT**
**8020 SHIN  OAK DRIVE**
**LIVE OAK, TEXAS 78233**

## C. JURISDICTION and VENUE

5.    The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

(a)     42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VI"); and

(b)     42 U.S.C. § 1983 ("Section 1983") with regards to:

(i)     Defendant's violations of the laws of the United States;

(ii)    Defendant's denial (under the color of law) of Plaintiff Ms. Bell's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

(iii)   Defendant's denial (under the color of law) of Plaintiff Ms. Bell's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

6.      Venue is proper in the Southern District of Texas (San Antonio Division) because Defendant JISD operates its schools in, and from, Live Oak, Texas in Bexar County, Texas, which is also where the underlying events occurred. Judson and Bexar County are within the Southern District of Texas.

## D.   FACTUAL BACKGROUND

### WHO IS MS. BELL?

7.      Plaintiff Ms. Bell is a female of American-American heritage.

8.      Plaintiff Ms. Bell has been an education employee in the State of Texas for many years. For some of those years, Ms. Bell was an employee of Defendant JISD.

9.     Most recently, Ms. Bell was a teacher at Kitty Hawk Middle School ("Kitty Hawk") owned and operated by Defendant JISD.

10.     Plaintiff Ms. Bell performed the above described work for Defendant JISD under a written agreement with JISD. ("Contract").

11.     Prior to the 2017-2018 school year, Ms. Bell had never had any incident requiring any sort of reprimand or other disciplinary action as an educator.

## *WHO IS JISD?*

12.     As stated, Defendant JISD is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education.

13.     As part of its funding, Defendant JISD receives grants and other funds from the United States government that are used for the primary objective of providing for the employment of educators for students in Harris County, Texas, such as Plaintiff Ms. Bell.

14.     Through the direct use of such funding from the United States, or, through the general co-mingling of such funds into the revenue stream of Defendant JISD, Defendant JISD compensated Plaintiff Ms. Bell through the Contract between Defendant JISD and Ms. Bell employing Ms. Bell.

### *Defendant JISD's Wrongful Actions towards Ms. Bell.*

15.     In the 2017-2018 school year at Kitty Hawk, with Beverly Broom ("Broom") as her principal, Ms. Bell found herself under attack by Ms. Broom, a Caucasian, and Broom's staff.

16.     In retrospect, it is clear that Broom wanted to get rid of Ms. Plaintiff Bell because Ms. Bell is of African American heritage.

17.     Under the guise of "helping Plaintiff Ms. Bell become more professional" Ms. Broom started suggesting that Ms. Bell:

>     (a)     alter her accent;

>     (b)     alter her clothing choices;

>     (c)     alter her facial expressions;

>     (d)     alter her teaching methods; and

>     (e)     alter how she spoke to others.

18.     Being unable to change the color of Plaintiff Bell's skin color, Ms. Broom then started more formal efforts to get rid of Ms. Bell including but not being limited to:

>     (a)     the initiation of unscheduled "observations" of Plaintiff
>             Bell;

(b)    the issuance of unnecessary growth plans that were actually written versions of the heretofore referenced "help to become more professional;"

(c)    the issuance of written reprimands which created formal blemishes upon Plaintiff Bell's record; and

(d)    the proposed termination of Plaintiff Bell.

19.    Amidst the foregoing, Plaintiff Bell did file appropriate grievances against Broom, only to have Broom sit as judge and jury of herself deny the grievances.

20.    Plaintiff Ms. Bell continued to seek administrative assistance through the appeal of her grievances, all to no avail, with Defendant JISD then retaliating against Ms. Bell for the filing of such grievances.

21.    Finally, after Ms. Broom had successfully sabotaged Plaintiff Bell's personnel file, Defendant JISD moved for the termination of Ms. Bell ("Termination").

22.    An administrative hearing was held before Board of Trustees ("Board") of Defendant JISD, where lies, innuendo, and hearsay ruled the day. After specifically warning the Board that the Termination of Plaintiff Ms. Bell was nothing but a racist act, the Board voted for Ms. Bell's Termination.

23.     Although Defendant JISD and its Board operated under the charade of policies and procedures, the Termination of Plaintiff Ms. Bell was indeed nothing but the "Professional Lynching" of Ms. Bell's teaching career.

### *Defendant JISD's "Municipal Liability"*

24.     Defendant JISD committed and allowed the commission of, the misconduct described in this Complaint intentionally, with actual malice, reckless disregard, and intentional indifference toward Plaintiff Ms. Bell.

25.     Texas law deems Ms. Bell's Contract to create a property interest that Ms. Bell holds.

26.     Defendant JISD committed, and allowed the commission, of the targeted discrimination against Ms. Bell and implemented it under color of law. The JISD personnel who committed the misconduct complained of did so as agents and representatives of JISD and were implementing JISD's policies, practices, and procedures when they acted against Ms. Bell.

27.     If Defendant's JISD's policies, practices, and procedures were not in written form, JISD and its agents implemented them in accord with the customs and practices of JISD's policy makers.

28.     Further, as the policy maker for Defendant JISD, the Board's actions against Plaintiff Ms. Bell were implementing its own policies, procedures, customs, and actions.

29.     Defendant JISD's personnel who acted against Plaintiff Ms. Bell did so while performing their assigned JISD duties, as prescribed by JISD's superintendent and/or its Board (being the ultimate policymaker of Defendant JISD.

30.     Defendant JISD's discriminations towards Plaintiff Ms. Bell represents actions of complete and deliberate indifference to Ms. Bell, and, made it necessary for Ms. Bell to retain legal counsel and to file this lawsuit to seek redress such discrimination.

### *Harm to Plaintiff Ms. Bell*

31.     Defendant JISD's discrimination against Plaintiff Ms. Bell caused Ms. Bell to suffer physical and economic harm, including without limitation lost pay, and medical expenses. Ms. Bell also suffered extreme emotional harm as a result of the referenced discriminatory actions of Defendant JISD.

32.     Plaintiff Ms. Bell has met all conditions precedent to bring these claims before this Honorable Court.

### E.    CAUSES OF ACTION

33.     The foregoing factual allegations contained in the foregoing Section D: Factual Background are incorporated into this Section E by reference for all purposes.

## COUNT ONE: VIOLATION OF TITLE VI

34.     Title VI provides in relevant part that: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

35.     Because Defendant JISD (1) does receive federal financial assistance, the primary objective of which is to provide employment, and (2) applied such funding to the discriminatory programs or activities as described herein, which were intentionally directed at Plaintiff Ms. Bell because of Ms. Bell's race, Defendant JISD has violated Title VI.

36.     Defendant JISD's  acts and omissions against Plaintiff Ms. Bell  in violation  of  Title VI have caused Plaintiff Ms. Bell to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Bell now sues in accord with Title VI.

37.     Defendant JISD's acts and omissions against Plaintiff Ms. Bell  in violation  of  Title VI have caused Plaintiff Ms. Bell to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Bell now sues in accord with Title VI.

## COUNT TWO: VIOLATION OF SECTION 1983

38.     42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance,
> regulation, custom, or usage, of any State…subjects, or
> causes to be subjected, a citizen of the United States…to
> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the
> party injured in an action and law, suit in equity, or other
> proper procedure for redress….

39.     Defendant JISD's acts and omissions in violation of Title VI also
violate Section 1983 because JISD committed those acts and omissions under color
of law, through designated persons of authority implementing their JISD assigned
duties and responsibilities.

40.     Further, the Fourteenth Amendment to the United States Constitution
grants Plaintiff Ms. Bell the right to procedural and substantive due process and to
equal protection under the law, which were denied to Ms. Bell.

41.     Also, the First Amendment to the United States Constitution grants
Plaintiff Ms. Bell the right to express complaints and concern for other's rights with
Defendant JISD both orally and in writing. The First Amendment also grants Ms.
Bell the right to assemble peaceably, which JISD denied Ms. Bell.

42.     Defendant JISD's acts and omissions were intentional, arbitrary, and
capricious, resulting in violation of Plaintiff Ms. Bell's procedural and substantive
due process and to equal protection under the law.

43.     Defendant JISD's  acts and omissions against Plaintiff Ms. Bell  in violation  of  Section 1983 have caused Plaintiff Ms. Bell to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Bell now sues in accord with Section 1983.

44.     Defendant JISD's acts and omissions against Plaintiff Ms. Bell  in violation  of  Section 1983 have caused Plaintiff Ms. Bell to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Bell now sues in accord with Section 1983.

## COUNT THREE: EXEMPLARY AND/OR LIQUIDATED DAMAGES

45.     Various of the statutes that Defendant JISD's misconduct violated permit the recovery of exemplary and/or liquidated damages. Defendant JISD's misconduct entitles Plaintiff Ms. Bell to recover exemplary and/or liquidated damages from JISD in an amount sufficient to punish JISD for its misconduct and to deter similar misconduct in the future.

## COUNT FOUR: ATTORNEY'S FEES

46.     Various of the statutes that Defendant JISD's misconduct violated permit the recovery of reasonable and necessary attorney's fees. Defendant JISD's

misconduct entitles Plaintiff Ms. Bell to recover from JISD Ms. Bell's reasonable and necessary attorney's fees.

## COUNT FIVE: INTEREST AND COSTS OF COURT

47. Various of the statutes that Defendant JISD's misconduct violated permit the recovery of prejudgment interest.

48. Plaintiff Ms. Bell is entitled to recover from Defendant JISD both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

49. Plaintiff Ms. Bell is further entitled to recover from Defendant JISD Ms. Bell's costs of court.

## F. JURY TRIAL

50. Plaintiff Ms. Bell hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ms. Bell respectfully prays that upon final trial of this matter Ms. Bell recover a judgment against Defendant JISD for:

- Plaintiff's actual and consequential damages;
- Exemplary damages in the manner requested above;
- Plaintiff's reasonable and necessary attorney's fees;
- Prejudgment and post judgment interest, as applicable;
- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF**
**ANGELA BELL**

'